# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed September 23, 1915.

## THE PAYE BUS COMPANY
### VS.
DANIEL C. AMMIDON, ALFRED S NILES, CLARENDON I. T. GOULD, BOARD OF POLICE COMMISSIONERS, AND ROBERT D. CARTER, ·MARSHAL OF POLICE.

*McLanahan, France and Rouzer* for the complainants.
*Robert F. Stanton* for the defendants.

ELLIOTT, J.—

On July 17, 1915, the Bill of Complaint and for injunction was filed in this cause by the complainant, seeking to prevent the enforcement by the respondents of the terms and provisions of an ordinance adopted by the Mayor and City Council of Baltimore on the ninth day of July, 1915, entitled "An ordinance providing a tax upon the privilege of operating jitneys, automobiles and motor cars for the carriage of passengers for hire; regulating the operation of jitneys and requiring a license therefor; and providing a penalty for the violation of this ordinance."

The ordinance is asserted to be null and void, and of no effect, for a number of reasons set out in said bill, and this Court is asked to enjoin its enforcement by the Board of Police Commissioners and the Marshal of Police, and a preliminary injunction has issued. A motion has been made to dissolve the injunction, and a hearing having been had, it becomes necessary for this Court to determine the questions raised by said motion.

It is not necessary to discuss all the reasons of objection recited in said bill, but it appears proper to analyze the ordinance itself, in order to discover its scope, and the avowed object of its

passage. That object is said in the title to be:

(1) To provide a tax for the privilege of operating jitneys, automobiles and motor cars for the carriage of passengers for hire.

(2) For regulating the operation of jitneys, and requiring a license therefor.

(3) To provide a penalty for the violation of the ordinance.

It is to be noticed that the title comprehends a tax upon "jitneys, automobiles and motor cars for the carriage of passengers for hire."

Section 1 of the ordinance contains no provision relating to automobiles or motor cars, but applies entirely to "jitneys."

Section 2 contains a number of provisions for the regulation of "jitneys" with, against, an entire absence of any reference to "automobiles and motor cars."

Section 3 provides for the license and tax, again limiting the provision for such license and tax to "jitneys" and containing not even a reference to "automobiles" or "motor cars."

Section 4 contains a definition of the word "jitney" as used in the ordinance, and it is said "to mean every motor car operated over any of the public highways of Baltimore City, by a regular route, for the purpose of carrying passengers for hire." "Every motor vehicle which comes under the definition of jitney, as herein provided, shall be subject to the provision of this ordinance whenever being operated for the carriage of passengers for hire, whether on its regular route or not." "Nothing in this ordinance shall be construed to relieve any person or operator from any regulation imposed by the State of Maryland, or by lawful authority in pursuance thereof."

Section 5 devotes the whole proceeds of the tax under the ordinance to "be used for the purpose of paving, repaving or repairing streets."

Section 6 provides a fine for every person operating, and for every owner who permits to be operated, in violation of this ordinance, any jitney, automobile or motor car, of from ten to one hundred dollars for every day's operation.

It is worth while to make further quotation from the ordinance by reciting the provisions for the tax.

Section 3 contains the stipulation that "for each jitney having a seating capacity of not more than four passengers, a tax of one hundred dollars per annum." For each jitney having a seating capacity of more than four passengers, a tax of one hundred dollars per annum, and an additional sum of twenty-five dollars per annum for each passenger in excess of four for which such jitney has a seating capacity.

Taking the definition of a jitney as provided in the ordinance, it goes without saying that any motor car operated over the public highways of the city, for the carriage of passengers, for hire, is liable to the license and tax, and the term motor car is broad enough to include automobiles and street cars. But it is evident from Section 4 that the ordinance is not intended to apply to motor cars generally, because that section expressly provides that "Every motor vehicle which comes under the definition of jitney, as herein provided, etc., necessarily implying that the ordinance is not intended to apply to motor vehicles which do not come under the definition of "jitney."

We have therefore a discrimination with regard to motor vehicles, not based on any inherent differences as among the vehicles themselves, but upon the arbitrary distinction which the ordinance itself makes.

Moreover, although "automobiles and motor cars" are expressly mentioned in the title, they are entirely omitted from any of the prohibitive sections of the ordinance, and there is no penalty annexed to the running of automobiles or motor cars.

Nor is this the only discrimination made by the ordinance.

It is not the use of the public streets by motor cars "for hire" that is to be licensed and taxed, but the use of the streets by motor cars, coming under the definition of jitneys, *carrying passengers*, that is to be taxed. The result is that motor cars carrying freight and merchandise, for hire, need pay no tax, and there is another arbitrary discrimination and distinction between passengers and freight.

At the hearing of this cause much point was made of the suggestion that the use of the streets and the injury thereto was the reason for the tax;

372

but when it is recalled that the heavy freight motor cars injure the streets more than jitneys, it becomes evident that we must look elsewhere for the reason for the tax.

There can be no doubt that there is much in the ordinance which was entirely within the power of the Mayor and City Council of Baltimore to enact; but when it singles out the owners of "jitneys" and taxes them to an amount that seems to be, if it is not really so, prohibitive, leaving other motor cars or vehicles untaxed, there would appear to be an unjust and unfair discrimination which should be enjoined by this Court.

The Court will therefore overrule the motion to dissolve the injunction and will pass an order making final the injunction already issued.